UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
DANNY DOUMANIS,                                        Docket No.

                              Plaintiff,

            -against-                                  **PETITION FOR REMOVAL
                                                      OF ACTION UNDER 28
HOME DEPOT USA, INC. dba HOME DEPOT,                  U.S.C. §1446(a) DIVERSITY**

                              Defendant.
--------------------------------------------------------------------X

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF NEW YORK**:

        **PLEASE TAKE NOTICE** that Defendant HOME DEPOT U.S.A., INC. i/s/h/a HOME

DEPOT USA, INC. dba HOME DEPOT ("Home Depot") hereby submits this Petition for Removal,

with full reservation of all defenses, from the Supreme Court of the State of New York, County of

QUEENS, to the United States District Court, EASTERN DISTRICT of New York in accordance

with 28 U.S.C. §1446 and respectfully represents as follows:

                **PLAINTIFF'S COMPLAINT AND NATURE OF THE ACTION**

        1.      This action was commenced against HOME DEPOT U.S.A., INC., in the Supreme

Court of the State of New York, County of Queens, with the Index Number 709649/2021 and was

electronically filed April 27, 2021.

        2.      Pursuant to 28 U.S.C. §1446(a),  a copy of the Summons and Complaint is attached

hereto as **Exhibit "A."**

        3.      In his Complaint, Plaintiff alleges injuries and damages resulting from an alleged

incident which is claimed to have occurred on November 9, 2021, at  73-01 25th Avenue, East

Elmhurst, New York, in the County of Queens, City and State of New York (**Exhibit "A"**).

4.      Home Depot U.S.A., Inc. was served on June 17, 2021 through the Secretary of State. **Exhibit "B"**.

5.      Home Depot U.S.A., Inc.'s Answer to Plaintiff's Verified Complaint was electronically filed on August 5, 2021. **Exhibit "C"**.

## DIVERSITY JURISDICTION IS PROPER

6.      No further proceedings have been had in the Supreme Court of the State of New York, County of Queens, as of the date of the filing of this Petition for Removal.

7.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332. The plaintiff has asserted a written demand for damages in excess of $75,000, exclusive of interest and costs and complete diversity of citizenship exists between Plaintiff and Defendant Home Depot U.S.A., Inc.

## DIVERSITY EXISTS

8.      This firm represents Defendant HOME DEPOT U.S.A., INC. in this action.

9.      At the time that this action was filed, Home Depot U.S.A, Inc., was and still is a corporation organized and existing under the laws of the State of Delaware and having the principal place of business at 2455 Paces Ferry Road SW, Atlanta, Georgia.

10.     Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  For the purposes of federal diversity jurisdiction, based upon the above, Defendant is not citizens of the State of New York.

11.     The Plaintiff, in the Complaint, alleges to be a citizen of the State of New York with a residence in the County of Queens, **Exhibit "A"**.

12.     Therefore, this action may be removed to this Court pursuant to 28 U.S.C. §1441.

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

13.    Plaintiff has served a written demand confirming that they seek recovery in an amount in excess of $75,000, exclusive of interest and costs.  Plaintiff's Verified Complaint cannot state the amount of damages Plaintiff deems herself entitled to (CPLR 3107(c)).

14.    Home Depot U.S.A., Inc. served Demand for Supplemental Statement of Damages on or about August 13, 2021.  **Exhibit "D"**.

15.    Plaintiff responded on May 31, 2022 that Plaintiff seeks an amount well in excess of $75,000 exclusive of costs, fees and interest.

16.    Home Depot submits that Plaintiff's Response to Home Depot's Demand for Supplemental Statement of Damages in excess of $75,000 proves that the claim is in excess of [$75,000].  *United Food & Commercial Workers Union, Local 919, AFL-CIO v CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 305 (2d Cir. 1994)(quoting *Tongkook Am, Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2d Cir. 1994).

17.    Home Depot reserves its rights to contest the nature and extent of liability of plaintiff's damages.  Nevertheless, if liability is ever established, the allegation that Plaintiff sustained serous personal injuries, if proven, may convince a trier of fact to award such injured plaintiff an amount in excess of $75,000.

**REMOVAL IS TIMELY**

18.    Pursuant to 28 U.S.C. §1446(b), which provides that a Notice of Removal shall be filed within thirty (30) days after receipt by defendant, by service or otherwise, of the initial pleading or of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, this Petition for Removal is timely filed.

## NOTICE

19.     Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal is being filed with the Supreme Court of the State of New York, County of Queens.

## VENUE IS PROPER

20.     The United States District Court for the EASTERN DISTRICT of New York includes the county in which the state court action was pending (Queens County) and thus, pursuant to 28 U.S.C. §124(b)(2), venue is proper.

## RESERVATION OF DEFENSES AND RIGHTS

21.     Home Depot reserve all defenses, including, without limitation, the defense of lack of personal jurisdiction.

22.     Home Depot reserves the right to amend or supplement this Petition for Removal.

23.     If any question arises as to the propriety of the removal of this action, Home Depot respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**THEREFORE**, all parties to the Civil Action pending in the Supreme Court of the State of New York, County of Queens, Index No. 709649/2021 are **HEREBY NOTIFIED** pursuant to 28 U.S.C. §1446 and Local Civil Rule 81.1, as follows:

Removal of the Civil Action and all claims and causes of action therein is effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. §1446.  The Civil Action is removed from the State Court to the United States District Court, EASTERN DISTRICT of New York. The parties to the Civil Action shall proceed no further in the State Court.

4893-3665-7445.1

**WHEREFORE**, Defendant HOME DEPOT U.S.A., INC., prays that this cause of action now pending in the Supreme Court of the State of New York, County of Queens, be removed to the United States District Court, EASTERN DISTRICT of New York.

Dated: New York, New York
      June 22, 2022

           LEWIS BRISBOIS BISGAARD & SMITH, LLP

        By: *Steven Montgomery*
          David M. Pollack (DP 6143)
          Steven R. Montgomery (SM4514)
          Manuel Palaguachi (MP0312)
          *Attorney for Defendant*
          *HOME DEPOT U.S.A., INC.*
          *i/s/h/a HOME DEPOT USA, INC.*
          *dba HOME DEPOT*
          77 Water Street – Suite 2100
          New York, New York 10005
          212.232.1300
          David.Pollack@lewisbrisbois.com
          Steven.Montgomery@lewisbrisbois.com
          Manuel.Palaguachi@lewisbrisbois.com

TO:
Christopher Abiuso, Esq.
KHAVINSON & ASSOCIATES, P.C.
*Attorneys for Plaintiff DANNY DOUMANIS*
45 Broadway – Suite 720
New York, New York 10006
212.785.5000
ca@khavinson.com